NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 03 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50334 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-04518-AJB-5 |
| v. | |
| KALA RAINS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted December 8, 2016
Pasadena, California

Before: REINHARDT and PAEZ, Circuit Judges, and FRIEDMAN,[**] District Judge.

Kala Rains was convicted of conspiracy in violation of 18 U.S.C. § 371

(Count 1), "bringing" two undocumented immigrants (the "Galvan-Moraleses")

"to" the United States for financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii)

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Paul L. Friedman, United States District Judge for the District of Columbia, sitting by designation.

(Counts 2 & 3), harboring them in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) (Counts 4 & 5), and transporting them in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) (Counts 6 & 7). She appeals her convictions on Counts 1, 2, and 3, and the order requiring forfeiture of her ranch. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. *See also Libretti v. United States*, 516 U.S. 29, 38-39 (1995). We reverse the convictions on Counts 1, 2, and 3, vacate the sentence and forfeiture order, and remand for further proceedings.

1. Taking the evidence in the light most favorable to the government, as we must, there was insufficient evidence that Rains committed the "brings to" offenses (Counts 2 & 3) under an aiding and abetting theory. *See United States v. Nevils*, 598 F.3d 1158, 1167 (9th Cir. 2010) (en banc). To prove aiding and abetting of a "brings to" offense, the government "must show that the 'brings to' offense was something that [Rains] had the specific intent to bring about, and that she knowingly and intentionally commanded, counseled, or encouraged the initial transporter to commit the 'brings to' offense." *United States v. Lopez*, 484 F.3d 1186, 1201 (9th Cir. 2007) (en banc) (citations omitted). There was no record evidence demonstrating that Rains had any contact with the "initial transporter." Nor did the evidence establish a sufficient nexus between Rains's general offer to house undocumented immigrants in the United States and the cross-border

transportation of the Galvan-Moraleses. *See United States v. Noriega-Perez*, 670 F.3d 1033, 1040 (9th Cir. 2012). Rains's initial contact with the Galvan-Moraleses was after they had crossed the border and arrived at a safe house, at which point any "brings to" offense would have been completed. *See Lopez*, 484 F.3d at 1201 (holding that the "brings to" offense "terminates when the initial transporter who brings the alien to the United States drops off the alien at a location in this country").

**2.** There was also insufficient evidence to convict Rains on Counts 2 & 3 under a *Pinkerton* conspiracy theory.[1] Under *Pinkerton*, a defendant may be held liable for "a substantive offense committed by a co-conspirator as long as the offense occurred within the course of the conspiracy, was within the scope of the agreement, and could reasonably have been foreseen as a necessary or natural consequence of the unlawful agreement[.]" *United States v. Alvarez-Valenzuela*, 231 F.3d 1198, 1202 (9th Cir. 2000) (citing *Pinkerton v. United States*, 328 U.S. 640, 647-48 (1946)). Here, however, no rational juror could have concluded beyond a reasonable doubt that a "co-conspirator" committed the substantive offenses. To the extent the government argues that the unidentified smuggler in

---

[1] Because there was insufficient evidence to support Rains's convictions on Counts 2 & 3, we need not address her challenge to the *Pinkerton* jury instruction.

Mexico "brought" the Galvan-Moraleses "to" the United States, the evidence did not link that individual to the alleged conspiracy. Insofar as the government argues that either Caroline or Querubin Espindola committed the substantive offenses by aiding and abetting the "bringing" of the Galvan-Moraleses "to" the United States, there was insufficient record evidence demonstrating how either of the Espindolas aided the smuggler or any other member of the conspiracy in committing the "brings to" offenses. To reach that conclusion, a juror would have to rely on "mere suspicion or speculation[,]" which "does not rise to the level of sufficient evidence." *Lopez*, 484 F.3d at 1201 (internal quotation marks omitted).

3.     Because the evidence was insufficient to support Rains's convictions on Counts 2 & 3 under any theory, those counts must be reversed. The government does not dispute that if we reverse on Counts 2 & 3, we must also reverse on Count 1. Indeed, we are bound to do so. *See United States v. Manarite*, 44 F.3d 1407, 1413 (9th Cir. 1995) ("[I]f the judge instructs the jury that it need find only one of the multiple objects, and the reviewing court holds any of the supporting counts legally insufficient, the conspiracy count also fails.") (quoting *United States v. DeLuca*, 692 F.2d 1277, 1281 (9th Cir. 1982)).

4.     The district court relied on Rains's convictions on Counts 1, 2, and 3 in determining her sentence and ordering the forfeiture of her ranch, and we

therefore vacate Rains's sentence and the forfeiture order. On remand, the district court must resentence on the remaining counts of conviction. And in the event the government continues to pursue forfeiture of Rains's ranch, the district court should be guided by the factors addressed in *United States v. Bajakajian*, 524 U.S. 321, 337-40 (1998). We discussed those factors in *United States v. $100,348.00 in U.S. Currency*, 354 F.3d 1110 (9th Cir. 2004), where we noted that in analyzing the third *Bajakajian* factor, "the maximum penalties under the Sentencing Guidelines should be given greater weight than the statutory maximum because the Guidelines take into account the specific culpability of the offender." *Id.* at 1122; *see also United States v. Real Prop. Located in El Dorado Cty. at 6380 Little Canyon Rd., El Dorado, Cal.*, 59 F.3d 974, 985-86 (9th Cir. 1995), *abrogated on other grounds by Bajakajian*, 524 U.S. at 334.

**REVERSED, VACATED, and REMANDED.**